**Last revised: August 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Tracy E. Ralph

Case No.:       17-27833

Judge:       RG

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original      ☒ Modified/Notice Required      Date: February 12, 2018

☐ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: BGH      Initial Debtor: TER      Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____500_____ per ___month___ to the Chapter 13 Trustee, starting on _____September 1, 2017_____ for approximately _____3_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: Trial Modification effective as of March 1, 2018 - 343 Lakeview Ave, Ringwood, NJ
Proposed date for completion: May 1, 2018_____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

This will be a tiered plan.  The Debtor will make three (3) monthly payments of $500 and then three (3) monthly payments of $1,850 and then fifty-four (54) payments of $650 or until the final loan modification is received in connection with the mortgage held by M&T Bank on 343 Lakeview Ave.

**Part 2:   Adequate Protection** ☒ **NONE**

     a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

     b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:   Priority Claims (Including Administrative Expenses)**

    a.   All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ As Allowed by the Court |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.   Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| M&T Bank | 343 Lakeview Ave, Ringwood, NJ | $172,924.13 | 0% | Arrears due to creditor to be cured outside of the plan through loan modification - trial modification to being March 1, 2018 | Trial Modification payments in the amount of $4,056.32 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ **NONE**

   a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

   ☐ Not less than $ _____ to be distributed *pro rata*

   ☐ Not less than _____100_____ percent

   ☒ *Pro Rata* distribution from any remaining funds

   b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases ☐ **NONE**

   (NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

   All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Toyota Motor Credit Corp. | 0 | Auto Lease | Reject | $0 |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

### a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Claims
3) Priority Claims
4) Secured Claims     5) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: August 31, 2017                          .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor received a trial loan modification from M&T Bank effective March 1, 2018 which will cure the arrears due and owing to creditor. | The plan is being modified to reflect the trial modification payments which will begin on March 1, 2018. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒  Yes    ☐  No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 2/12/18                                    /s/ Brian G. Hannon                   
                                                 Attorney for the Debtor

Date: 2/12/18                                    /s/ Tracy E. Ralph                    
                                                 Debtor

Date: _____                     _____
                                                 Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 2/12/2018                                  /s/ Brian G. Hannon
                                                 Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 2/12/2018                                  /s/ Tracy E. Ralph
                                                 Debtor

Date: _____                     _____
                                                 Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 17-27833-RG
Tracy E Ralph                                                         Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2        User: admin              Page 1 of 2              Date Rcvd: Feb 20, 2018
                            Form ID: pdf901          Total Noticed: 32

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 22, 2018.
```
db             Tracy E Ralph,    343 Lakeview Avenue,    Ringwood, NJ  07456-2118
517044567      American Express,    PO Box 981537,    El Paso, TX  79998-1537
517227897      American Express Centurion Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                 Malvern  PA 19355-0701
517044568      Barclays Bank Delaware,    125 S West St,    Wilmington, DE  19801-5014
517044569      Capital One Bank USA NA,    PO Box 30281,    Salt Lake City, UT  84130-0281
517167677      Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
517044570      Chase/Bank One Card Serv,    PO Box 15298,    Wilmington, DE  19850-5298
517044571      Citicards CBNA,    PO Box 6241,    Sioux Falls, SD  57117-6241
517044572      Comenity Bank/Ann Taylor,    PO Box 182789,    Columbus, OH  43218-2789
517044573      Dan Ralph,    343 Lakeview Ave,    Ringwood, NJ  07456-2118
517201699      ECMC,    PO BOX 16408,    ST.PAUL, MN 55116-0408
517044577      Navient,    123 S Justison St Fl 3,    Wilmington, DE  19801-5360
517104811     +Navient Solutions, LLC on behalf of,    NJHEAA,    PO BOX 548,    Trenton, NJ 08625-0548
517044578      Parker McCay,    9000 Midlantic Dr Ste 300,    Mount Laurel, NJ  08054-1539
517089406     +TD BANK, N.A.,    Payment Processing,    PO BOX 16029,    Lewiston, ME 04243-9507
517044581    ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: Toyota Motor Credit Corp,     5005 N River Blvd NE,
                 Cedar Rapids, IA  52411-6634)
517057755     +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                 Addison, Texas 75001-9013
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: usanj.njbankr@usdoj.gov Feb 20 2018 23:42:45     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 20 2018 23:42:42      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
cr            +E-mail/PDF: gecsedi@recoverycorp.com Feb 20 2018 23:45:58
                 Synchrony Bank c/o PRA Receivables Management, LLC,    PO BOX 41021,    Norfolk, VA 23541-1021
517044574      E-mail/Text: mrdiscen@discover.com Feb 20 2018 23:42:07      Discover Fincl Svc LLC,
                 PO Box 15316,    Wilmington, DE  19850-5316
517056938      E-mail/Text: mrdiscen@discover.com Feb 20 2018 23:42:07      Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
517044575      E-mail/Text: bnckohlsnotices@becket-lee.com Feb 20 2018 23:42:10      Kohls Department Store,
                 PO Box 3115,    Milwaukee, WI  53201-3115
517192033      E-mail/Text: camanagement@mtb.com Feb 20 2018 23:42:31      M&T Bank,
                 Mortgage Payment Processing,    P.O. Box 1288,    Buffalo, NY 14240
517044576      E-mail/Text: camanagement@mtb.com Feb 20 2018 23:42:31      M&T Bank,    PO Box 844,
                 Buffalo, NY  14240-0844
517181836      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 21 2018 00:07:58
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.A.,    POB 41067,
                 Norfolk VA 23541
517196826      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 21 2018 00:07:54
                 Portfolio Recovery Associates, LLC,    c/o Nfl Extra Points,    POB 41067,   Norfolk VA 23541
517196827      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 20 2018 23:51:43
                 Portfolio Recovery Associates, LLC,    c/o Upromise,    POB 41067,   Norfolk VA 23541
517275497      E-mail/Text: bnc-quantum@quantum3group.com Feb 20 2018 23:42:35
                 Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA  98083-0788
517044579      E-mail/PDF: gecsedi@recoverycorp.com Feb 20 2018 23:46:12      SYNCB/Toys R Us,    PO Box 965001,
                 Orlando, FL  32896-5001
517049037     +E-mail/PDF: gecsedi@recoverycorp.com Feb 20 2018 23:46:12      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517044580      E-mail/Text: bankruptcy@td.com Feb 20 2018 23:42:47      TD Bank NA,    32 Chestnut St,
                 Lewiston, ME  04240-7744
                                                                                              TOTAL: 15

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517044582*   ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: Toyota Motor Credit Corp.,     5005 N River Blvd NE,
                 Cedar Rapids, IA  52411-6634)
                                                                                               TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-2              User: admin                Page 2 of 2                  Date Rcvd: Feb 20, 2018
                                  Form ID: pdf901            Total Noticed: 32
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 22, 2018                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 13, 2018 at the address(es) listed below:
              Brian E Caine    on behalf of Creditor   M&T BANK bcaine@parkermccay.com,
               BKcourtnotices@parkermccay.com
              Brian Gregory Hannon    on behalf of Debtor Tracy E Ralph bhannon@norgaardfirm.com,
               sferreira@norgaardfirm.com;crose@norgaardfirm.com;184grandno@gmail.com
              Denise E. Carlon    on behalf of Creditor   Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```